Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HISCOCK, Ch. J. Absent: LEHMAN, J.

---

JOSEPH A. FLETT, Doing Business under the Firm Name of A. FLETT & Co., Appellant, *v.* THE ROYAL BANK OF CANADA, Respondent.

*Banks and banking — negligence — proximate cause — delivery to bank of bills of lading and draft with instructions if draft is not paid to deliver bills to third party — erroneous delivery of bills as property of plaintiff's agents and attachment thereof by creditors of agents — when bank not liable for resulting damage.*

*Flett* v. *Royal Bank of Canada*, 207 App. Div. 272, affirmed.

(Submitted October 8, 1924; decided October 24, 1924.)

APPEAL from a judgment, entered December 14, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint, which alleged that in March, 1920, plaintiff employed one Fred H. Hue, doing business as Imperial Brokerage Company, to forward for him 456 barrels of herring, from St. Johns, N. F., to New York; that thereafter Imperial Brokerage Company shipped the herring from St. Johns and delivered the shipping documents and a draft on a firm styled Kaminsky & Sereysky, at defendant's branch at St. Johns, and instructed defendant and defendant agreed to deliver the said documents to Kaminsky & Sereysky upon payment of the draft if, after examination, they desired to accept the shipment, but otherwise to deliver the documents to Joseph Vidootzky & Son, Inc., of New York, on consignment for and on account of plaintiff; that after arrival of the goods in New York and their rejection by Kaminsky & Sereysky, defendant on April 19, 1920, did deliver the documents to Joseph Vidootzky & Son, Inc., but instead of delivering them as plaintiff's property they were delivered as the property of Imperial

Brokerage Company; that thereafter S. Sklaroff & Sons, of Philadelphia, caused the herring to be attached by the sheriff of Kings county as the property of that company in an action brought by them against Imperial Brokerage Company; that while the herring were so attached they could not be disposed of and depreciated in value and spoiled to plaintiff's damage. The Appellate Division held that the mistake in giving the owner's name was not the proximate cause of the damage.

*Virginius Victor Zipris* for appellant.

*William E. Sims* and *Leonard P. Moore* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.

---

ISA A. DE PLEDGE, Appellant, *v.* THE CITY OF NEW YORK, Respondent, Impleaded with Another.

*Negligence — municipal corporations — streets — when defect in street not of such character as to justify finding of negligence.*

*De Pledge* v. *City of New York*, 208 App. Div. 10, affirmed.

(Argued October 8, 1924; decided October 24, 1924.)

APPEAL from a judgment, entered February 15, 1924, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while walking along Fulton street in the city of Brooklyn and about to cross Fulton place slipped on the curb, fell and broke her hip. The evidence showed a slight separation of the sidewalk and the curb, wherefrom the curb was two inches lower than the sidewalk with a space between the two of approximately two inches, filled in by a cement strip. The curbstone sloped five-eighths of an inch toward the gutter, which was from seven to eight and one-half inches below the curb.